IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02069-BNB

STEVEN COPELAND,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KEVIN MILYARD, and
JOSEPH HALLIGAN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 04 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Steven Copeland, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Copeland has filed *pro se* a civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He alleges that his constitutional rights have been violated. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe the amended complaint liberally because Mr. Copeland is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Copeland will be ordered to file an amended complaint.

Mr. Copeland disagrees with his classification and placement in administrative segregation. His handwriting is difficult to read and makes understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. **See** D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Copeland filed is difficult to read because the complaint is single-spaced and written in all capital letters. Therefore, the complaint Mr. Copeland must file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Copeland also must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Copeland must show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the DOC Executive Director or the Sterling Correctional Facility warden may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Copeland may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Copeland uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

Lastly, the amended complaint Mr. Copeland is directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Copeland to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Steven Copeland, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

3

FURTHER ORDERED that the clerk of the Court mail to Mr. Copeland, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled " Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Copeland fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 4, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02069-BNB

Steven Copeland
Prisoner No. 47924
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/4/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk